**Paul RALLO, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Defendant.**

**No. 88 C 1712.**

United States District Court,
N.D. Illinois, E.D.

Dec. 12, 1988.

**414**

Dorie Budlow, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Paul Rallo has not worked since 1981, when he fell and seriously injured his back. To this day, Rallo continues to experience pain in his lower back. In late 1984, he filed a claim for federal disability benefits. The Secretary of Health and Human Services ("Secretary") denied Rallo's disability claim. Following a 1987 hearing on Rallo's claim, an administrative law judge ("ALJ") upheld the Secretary's denial of benefits. Rallo then appealed the ALJ's ruling to this court. Both Rallo and the Secretary have moved for summary judgment. After reviewing the administrative record in this case, this court elects not to enter summary judgment at this time. Instead, the court remands this case to the ALJ for further consideration of Rallo's claim.

The ALJ has acknowledged that Rallo's back pain would prevent this former truck driver from resuming his previous work. Nonetheless, after applying the medical-vocational guidelines ("the grids") promulgated by the Secretary, the ALJ found that Rallo was not disabled because he could perform a full range of sedentary work available in the national economy. The ALJ's analysis of the grids sharply conflicts with the opinions of two vocational experts who examined Rallo's case. Leigh Moxley administered several occupational skills tests to Rallo, then developed a job profile based on Rallo's test results and physical limitations. Moxley concluded that a person with Rallo's profile was not qualified for a single job in the state of Illinois. Grace Gianforte testified to the same effect at Rallo's hearing. Gianforte opined that Rallo's chronic back pain, combined with his functional illiteracy, would preclude his performance of even the most basic sedentary work.

In determining that Rallo could perform sedentary work, the ALJ never explained why he rejected the contrary conclusions of Moxley and Gianforte. These vocational experts have offered considerable evidence in opposition to the Secretary's disposition of Rallo's claim. The ALJ must explicitly articulate his reasons for rejecting this line of evidence in order to ensure meaningful appellate review. *See Zblewski v. Schweiker*, 732 F.2d 75, 78–79 (7th Cir.1984). Therefore, the court remands this case to the ALJ for a reconsideration of the substantial vocational evidence supporting Rallo's claim.