**RALLO, Plaintiff,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant.**

No. 88 C 1712.

United States District Court,
N.D. Illinois, E.D.

March 20, 1989.

Dorie Budlow, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

In August 1987, an administrative law judge ("ALJ") denied plaintiff Paul Rallo's claim for federal disability benefits. Despite the testimony of two vocational experts that Rallo could not perform the most basic sedentary work, the ALJ concluded that Rallo was not disabled because he could perform a full range of sedentary work available in the national economy. In reaching this conclusion, the ALJ did not explain why he rejected the vocational evidence to the contrary. Rallo appealed the ALJ's ruling to this court. In an order dated December 12, 1988, the court remanded Rallo's case to the ALJ for reconsideration of the vocational evidence supporting Rallo's claim. 700 F.Supp. 413 (N.D.Ill.1988). Pursuant to Fed.R.Civ.P. 59(e), the Secretary of Health and Human Services ("Secretary") now moves to alter or amend the order of December 12, 1988.

Questioning the need for remand, the Secretary argues that the ALJ properly discounted the vocational experts' opinions on an issue beyond their expertise: Rallo's residual functional capacity ("RFC"). According to the Secretary, once the ALJ made his own assessment of Rallo's RFC based on medical evidence, the ALJ could rely entirely on the medical-vocational guidelines ("the grids") in determining Rallo's eligibility for benefits. This argument flies in the face of the Secretary's own regulations. Those regulations recognize that not all claimants fall neatly within the confines of the grids. *Heckler v. Campbell*, 461 U.S. 458, 462 n. 5, 103 S.Ct. 1952, 1955 n. 5, 76 L.Ed.2d 66 (1983). In cases where the grids do not accurately describe claimants' capabilities, the Social Security Administration has instructed its ALJs to seek the advice of vocational experts concerning the availability of jobs that a particular claimant can perform. *DeFrancesco v. Bowen*, 867 F.2d 1040, 1045 (7th Cir. 1989). Rallo's case involves the sort of borderline claim that an ALJ cannot properly evaluate without consulting a vocational expert. The vocational evidence in the administrative record suggests that Rallo's case falls between the cracks in the grids. Even assuming that Rallo has the physical capacity to perform sedentary work, his functional illiteracy and lack of skills would seem to prevent him from doing most of the jobs that the grids indicate he could perform.

In assessing Rallo's ability to adjust to a new job, the ALJ must consider not only Rallo's exertional capacity, but also his age, education, and work experience. *See* Social Security Ruling 83–10. By ignoring nonmedical factors that cast doubt on the grids' applicability to Rallo, the ALJ has denied Rallo a full and fair hearing on his claim. To ensure that Rallo's claim receives a proper evaluation, this court must remand Rallo's case to the ALJ for further consideration of the vocational experts' testimony. Consequently, the court denies the Secretary's motion to alter or amend the order of December 12, 1988.